REQUESTED BY: Senator Rod Johnson
At your direction, we have reactivated an opinion request you first submitted on September 24, 1990, to which you received no reply.
In your original request, you stated,
A series of opinions rendered by Bernard Packett to the Nebraska Wheat Board in April and May of 1990, are causing considerable dismay to that Board — and, by possible extension, to other commodity checkoff boards. Because these opinions are so restrictive of the Board's activities, I respectfully request your review of the ten opinions.
I would appreciate your interpretation so that I can judge whether corrective legislation is warranted.
A summary of the above referenced ten informal opinions follows:
4-6-90 Subject — 22 Research and Grant Funding Proposals.
Opinion — Only one proposal, the "Global Trade Competitiveness Project" would qualify for funding by the Wheat Board.
4-26-90 Subject — Funding of Program Proposal by Nebraska Council on Economic Education.
Opinion — Proposal is Beyond the Scope of the Wheat Board's Authority.
4-26-90 Subject — Funding Proposal of Nebraska Wheat Hearts.
Opinion — Activities Proposed are not within the Scope of the Wheat Board's Authority.
4-26-90 Subject — Funding Proposal for Wheat Strike Force.
Opinion — Activities Proposed are Beyond the Scope of the Wheat Board's Authority.
Subject — KOLN/KGIN "For the Family" ad funding request.
Opinion — Activity is Beyond the Scope of the Wheat Board's Authority.
Subject — Funding Proposal of Nebraska Food Industry Foundation.
Opinion — Activity is not Within the Wheat Board's Scope of Authority.
Subject — Proposed foreign marketing contract submitted by Agro Consulting and Trading.
Opinion — Proposal is within the Wheat Board's Authority.
Subject — Proposed Advertising Agreement with KRVN Radio.
Opinion — It is not clear how the proposal would relate directly to a program of marketing . . [or] how the proposal would reach . . . the foreign market.
Subject — Funding Proposals of National Association of Wheat Growers.
Opinion — Proposals fall outside the Wheat Board's Authority.
5-1-90 Subject — Proposal of U.S. Wheat Associates.
Opinion — It would be questionable for the Board to assist in the funding of this program.
5-1-90 Subject — Funding Proposal of Wheat Foods Council.
Opinion — Activity is not within Wheat Board's Authority.
The above informal opinions appear to be based on Attorney General Opinion 90017, dated February 28, 1990 and a narrow interpretation of Neb.Rev.Stat. § 2-2309(1) and (2) (the Nebraska Wheat Resources Act or "the Act").
Section 2-2309 provides the Nebraska Wheat Development, Utilization, and Marketing Board (the "Wheat Board") shall have the power to:
(I) Formulate the general policies and programs of the State of Nebraska respecting the discovery, promotion, and development of markets and industries for the utilization of wheat grown within the State of Nebraska;
(2) Adopt and devise a program of education and publicity;
Neb.Rev.Stat. § 2-2309(1)(2) (Cum. Supp. 1990).
The ten informal opinions do not appear to give proper consideration to § 2-2309(5) which provides the Wheat Board shall also have the power to:
(5) Conduct, in addition to the things enumerated, any other program for the development, utilization, and marketing of wheat grown in the State of Nebraska. Such programs may include a program to make grants and enter into contracts for research, accumulation of data, and construction of ethanol production facilities.
Neb.Rev.Stat. § 2-2309(5). Clearly, the Wheat Board may conduct programs for wheat development and utilization, in addition to marketing.
These opinions also fail to properly consider § 2-2309(2) and (3) in the context of the purpose of the Act. Under § 2-2309(3), the Wheat Board has the power to "Cooperate with local, state, or national organizations, whether public or private, in carrying out the purposes of the Nebraska Wheat Resources Act and to enter into such contracts as may be necessary." (Emphasis added). The purposes of the Act are set forth in the same section of the statute:
It is hereby declared to be the public policy of the State of Nebraska to protect and foster the health, prosperity, and general welfare of its people by protecting and stabilizing the wheat industry and the economy of the areas producing wheat.
Neb.Rev.Stat. § 2-2309 (Emphasis added). This statement is subsequently referred to twice as being the purpose of the Act. In fact, the enumeration of powers of the Wheat Board is preceded by the words "In connection with and in furtherance of such purpose, such Board shall have the power to:
Thus, the Wheat Board is authorized, among other things, to adopt and devise a program of education and publicity which furthers the purpose of protecting and stabilizing the wheat industry and the economy of the areas producing wheat. The Wheat. Board may also cooperate or contract with local, state, or national. organizations for this purpose.
To the extent Attorney General Opinion No. 90017 is inconsistent with this opinion it is hereby overruled. Likewise, to the extent any of the ten informal opinions discussed above are inconsistent with the statutory authority of the Wheat Board as set forth above, they may be disregarded. All Wheat Board activities, of course, remain subject to the provisions of the Nebraska and United States Constitutions, and particular activities or programs must be evaluated on an individual basis.
Sincerely yours,
 DON STENBERG Attorney General